Exhibit 2

| | |
|---|---|
| **From:** | Margaret Galka |
| **To:** | Carter Frambes |
| **Subject:** | RE: Totten v. Benedictine University |
| **Date:** | Monday, January 30, 2023 12:12:00 PM |
| **Attachments:** | image001.jpg |

Carter,

There appear to be significant deficiencies, outlined below, in your January 25, 2023 document production and interrogatory responses.

1. Plaintiff's Motion to Compel, which was granted in full, sought documents "(e.g., emails providing information concerning Title IX rights) between Benedictine and Benedictine students, other than Plaintiff, concerning their complaints that the same Assailant that raped Plaintiff previously committed sexual misconduct towards them." Mot. at p. 10 (#2(c)). Other than police reports previously produced and certain police interviews, none of these documents were produced. While you are in a better position than Plaintiff to know what responsive documents exist, an example of the type of document that should have been produced is an email from Benedictine's Title IX coordinator to complainant Brittani Wayne explaining her right to bring a complaint under Title IX. Please produce responsive documents by February 1, 2023. If we don't receive the documents by February 1, we will bring a motion.

2. Plaintiff's Motion to Compel, which was granted in full, sought documents reflecting "Statements by Benedictine students submitted to the Benedictine University Police. These include, at least, the statements referenced at: BU572, BU00577, BU00579, BU00584, BU00585." Mot. at 10. (#2(e)). None of the written statements referred to specifically in the police reports were produced. Please produce these statements by February 1, 2023. If we don't receive the documents by February 1, we will bring a motion.

3. Plaintiff's Motion to Compel, which was granted in full, sought documents "reflecting correspondence between Benedictine and the Assailant [Marquis Dixon] that raped Plaintiff concerning the Title IX complaints against him made by students other than Ms. Totten." Mot. at 11 (#2(f)). Other than the police reports, no responsive documents were produced. Did you search for these documents? For example, correspondence between the Benedictine Administration and Dixon. If so, what was done to search for them and when?

4. Plaintiff's Motion to Compel, which was granted in full, sought documents "reflecting correspondence between Benedictine and the Assailant that raped Plaintiff [Marquis Dixon] concerning her Title IX complaint and report to the police that he raped and attacked her." Mot. at 11 (#2(g)). Other than written police reports, none of these documents were produced. Considering that Dixon gave a Title IX interview, presumably there would be, at a minimum, correspondence between Benedictine's Title IX coordinator and Dixon. Another example of a responsive document would be correspondence between the Benedictine Administration and Dixon informing him of the outcome of Plaintiff's Title IX complaint investigation. Please produce responsive documents by February 1, 2023. If we don't receive the documents by February 1, we will bring a motion.

5. Plaintiff's Motion to Compel, which was granted in full, sought "all information responsive to Plaintiff's Interrogatories ##10, 11 and 12." Mot. at 11 (#5). Benedictine did not supplement its answers to these interrogatories. Please provide supplemental answers by February 1, 2023. If we don't receive the answers by February 1, we will bring a motion.

Finally, it appears that some of Benedictine's interrogatory answers are not signed as required by FRCP 33(b)(5). Please provide signatures by February 1, 2023.

As you know, the discovery cut off is February 28, 2023 and important depositions that concern these documents and answers are rapidly approaching (e.g., Yvette Knox's deposition on February 6, 2023 and Officer Samuel Savage's deposition on February 8, 2023). Please let me know if you are available to meet and confer on the above after 4pm today or tomorrow.

Regards,
Margaret

Margaret Galka
Associate Attorney
THE COLLINS LAW FIRM, PC
1770 Park St., Ste. 200
Naperville, Illinois 60563
www.collinslaw.com
c: 708-646-8559

CONFIDENTIAL: This e-mail and any attachments may contain confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any distribution, copying, or use of this e-mail or its attachments is prohibited. If you received this message in error, please notify the sender immediately by e-mail and delete this message and any copies.

---

**From:** Carter Frambes <cframbes@tresslerllp.com>
**Sent:** Wednesday, January 25, 2023 5:00 PM
**To:** Margaret Galka <mgalka@collinslaw.com>
**Subject:** Totten v. Benedictine University

Margaret,

Below is a link to a shared folder containing the documents we discussed earlier as well as the videos we discussed earlier. Please note that we are designating the videos as confidential and subject to the protective order. I will send the password to the folder in a follow-up email.

Totten v. Benedictine University

Best regards,
Carter Frambes

**Carter R. Frambes** | Associate | Tressler LLP
cframbes@tresslerllp.com
O: 312-768-2246

C: 309-716-5493

F: 312-627-1717

233 S. Wacker Drive, 61st Floor, Chicago, IL 60606

www.tresslerllp.com