UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FATIMAH TOTTEN, ) | |
| ) | Case No. 20-cv-6107 |
| Plaintiff, ) | |
| ) | Hon. LaShonda A. Hunt |
| v. ) | |
| ) | Magistrate Judge Sheila M. Finnegan |
| BENEDICTINE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff's Motion to Amend her Second Amended Complaint [69] is granted. Plaintiff is ordered to file her Third Amended Complaint on the docket as a separate entry. Defendant's response to the Third Amended Complaint will be due within 21 days of its filing.

**BACKGROUND**

The Court will not recount in detail the background facts alleged in this case; Judge Leinenweber, the previously assigned District Judge, did so in his Memorandum Opinion and Order [26] addressing the initial complaint. Rather, the focus here will be on the facts pertinent to this Order.

Plaintiff is a former student at Defendant Benedictine University ("Benedictine") who was sexually assaulted on three occasions in August 2018 and October 2018 by another Benedictine student (the "Assailant"). Plaintiff's proposed Third Amended Complaint (the "Proposed Complaint") adds allegations that three other Benedictine students informed Benedictine's Title IX Coordinator and the Benedictine University Police Department ("BUPD") that they too had been sexually harassed and sexually assaulted by Assailant between October 2017 and February

1

2018. (Dkt. 69-2 at ¶¶ 17-18). The Proposed Complaint further alleges that, despite knowing about the Assailant's history of sexual misconduct and sexual assaults of several Benedictine students, Benedictine did not meaningfully investigate the victims' allegations against the Assailant, and allowed the Assailant to live on campus, attend class, and participate in official Benedictine activities with no restrictions. (*Id.* at ¶ 19).

In August 2018, Benedictine assigned Plaintiff to an apartment in one of their residency halls that was directly above the Assailant's assigned apartment; the Assailant sexually assaulted Plaintiff once in August 2018 and twice in her apartment in October 2018. (*Id.* at ¶¶ 22-23). In light of these additional facts, the Proposed Complaint seeks to add new causes of action for negligence and willful and wanton conduct under Illinois law.

## **DISCUSSION**

Plaintiff moved to amend her complaint pursuant to Federal Rule of Civil Procedure 15. Rule 15(a)(2) states "[t]he court should freely give leave [to amend] when justice so requires." However, amendment should not be allowed in cases of undue delay, bad faith, dilatory motive, or where the amendment would be futile. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Benedictine argues that Plaintiff's motion should be denied because the amendment is: 1) untimely, 2) prejudicial, and 3) futile. The Court disagrees and thus grants Plaintiff's motion.

First, the amendment here is not untimely. Judge Leinenweber previously held that to adequately allege Benedictine had knowledge the Assailant was a serial sexual offender, Plaintiff needed to develop more facts regarding "who received the[] reports [of Assailant's previous sexual assaults] and what was done with the information." (Dkt. 26 at 17). In response, Plaintiff propounded discovery on these issues and eventually gleaned additional information regarding the nature of the prior allegations against the Assailant, to whom those allegations were reported, and

2

the extent of the investigations into those reports. (Dkt. 74 at 4; Dkt. 74-1 at 3-4). However, much of that information was not available to Plaintiff until shortly before she filed the instant motion. The correspondence between the parties shows that, as of August 2022, Plaintiff was still seeking basic discovery regarding BUPD police reports related to the Assailant and any reports to Benedictine that the Assailant had sexually assaulted anyone other than Plaintiff. (Dkt. 74-1 at 3-4). In December 2022, Plaintiff had to file a motion to compel production of these documents, which was granted in January 2023. (Dkt. 52, 56.)

At the depositions of Benedictine's employees, they testified that many relevant documents and communications related to Title IX investigations into the Assailant's serial sexual assaults had not been produced.[1] Plaintiff then moved for sanctions, including an order requiring Benedictine to retain and pay for a third-party forensic examiner to ensure that its production was complete; that motion was granted in May 2023, and the forensic examination was ongoing at the time the motion was filed in June 2023. (Dkt. 59, 63, 69, 72).

In light of this timeline, the Court cannot say the proposed amendments are untimely. Plaintiff lacked in depth understanding of the other accusations against the Assailant or Benedictine's investigations until the first half of 2023, and even after Benedictine was ordered to produce documents, its production was so incomplete that sanctions were imposed. Plaintiff's Proposed Complaint is based on recently uncovered facts that were learned in discovery and directly related to a flaw in the previous complaint specifically mentioned in Judge Leinenweber's opinion. The Court does not believe the motion is untimely.

The Court also does not believe Benedictine will suffer any meaningful prejudice if the motion is granted. Although fact discovery has closed and the parties agreed that the forensic

---

[1] Production of these documents was ordered when the Court granted Plaintiff's motion to compel.

examination was rendered unnecessary by Benedictine's response to additional interrogatories, the parties have agreed to take additional discovery if the Court granted the instant motion. (Dkt. 82.) To the extent Benedictine wishes to take additional discovery on emotional distress damages or any other issue that is opened through Plaintiff's Proposed Complaint, it can seek that discovery before Magistrate Judge Finnegan who is ably guiding the parties through their discovery process.

Finally, the Court does not believe that the amendment is futile. Although Judge Leinenweber previously dismissed Plaintiff's negligent infliction of emotional distress claim because he found that Benedictine did not have a duty to protect Plaintiff from third parties, the Proposed Complaint brings allegations that may be sufficient to establish a duty for Plaintiff's negligence claim. "Although generally there is no liability for the criminal acts of third persons, a defendant can be liable . . . where the defendant has unique knowledge regarding the possibility of future criminal acts." *Deborah K. v. Sperlik*, No. 05 C 628, 2005 WL 3299804, at *4 (N.D. Ill. Nov. 30, 2005) (citing *Lawson v. City of Chi.*, 278 Ill.App.3d 628, 215 Ill.Dec. 237, 662 N.E.2d 1377, 1386 (Ill.App.Ct.1996)); *see also*, *Doe I v. Bd. of Ed. Of City of Chicago*, 364 F. Supp. 3d 849, 869 (N.D. Ill. 2019) (quoting *Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 514 (7th Cir. 2010)) ("In particular, 'a school district with unique knowledge that one of its teachers or students poses a particular threat to another student may acquire a duty to protect.'").[2] The additional facts alleged in the Proposed Complaint—that BUPD and Benedictine's Title IX coordinator were aware of the Assailant's history of serial sexual assault against other Benedictine students, but did nothing to keep him away from Plaintiff or other members of the student body—may be sufficient to demonstrate that Benedictine had unique

---

[2] *Doe I* also noted that a defendant could be liable for harms created by its own conduct when a school withholds information regarding prior complaints of sexual assault from other students. *See* 364 F. Supp. 3d at 869 ("Such allegations plausibly allege [defendant] created the risk that [assailant] would harass [student] and, therefore, assumed a duty to protect her against such risk.")

knowledge regarding the possibility of the Assailant's future criminal acts, thereby creating liability for Benedictine. This reasoning also applies to her claim for willful and wanton conduct. *See Doe I*, F. Supp. 3d at 869 (allowing claim for willful and wanton conduct to go forward on the same basis). The Court does not believe that Plaintiff's proposed amendments would be futile.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Amend her Second Amended Complaint [69] is granted. Plaintiff is ordered to file her Third Amended Complaint on the docket as a separate entry. Defendant's response to Plaintiff's Third Amended Complaint is due within 21 days of its filing.

Dated: October 10, 2023

　　　　　　　　　　　　　　　　　　　　　_LaShonda A. Hunt_
　　　　　　　　　　　　　　　　　　　　　LaShonda A. Hunt
　　　　　　　　　　　　　　　　　　　　　United States District Judge